NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR AUGUSTO MORALES; JOSUE MORALES-PEREZ, Petitioners, v. MATTHEW G. WHITAKER, Acting Attorney General, Respondent. | No. 18-70748 Agency Nos. A202-129-886 A202-129-887 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Cesar Augusto Morales and Josue Morales-Perez, natives and citizens of

Guatemala, petition for review the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

application for asylum, withholding of removal, and relief under the Convention

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We dismiss in part and deny in part the petition for review.

Substantial evidence supports the agency's determination that, even if petitioners stated a cognizable social group, they failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground.  *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be on account of his membership in such group"); *Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (a personal dispute, standing alone, does not constitute persecution based on a protected ground); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (An applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").  We lack jurisdiction to consider petitioners' argument regarding Augusto Morales' "quasi-political office" because he failed to raise it to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).  Thus, petitioners' asylum and withholding of removal claims fail.

18-70748

In their opening brief, petitioners do not challenge the agency's denial of CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**